# Wheeling.

THOMAS B. SWANN, ADM'R, *vs.* CHARLES M. DEEM.

January Term, 1870.

S. brings an action of assumpsit against D. The declaration contains the common counts only; the bill of particulars aggregates a certain sum. D. pleads non assumpsit, and issue is joined; no account of set-off is filed by D. The case is submitted, under a rule of court, to arbitrament, and an award is made in favor of D. for a sum of money. S. objects to a judgment, on a rule, for the amount of the award in favor of D., because it is not within the submission. HELD:

> No specifications of set-off having been filed with the plea, the plaintiff's demand in his declaration and bill of particulars are the only matters in dispute arising in the case, and was the only matter submitted to arbitration, and an award in favor of D. is erroneous

This case arose in Greenbrier county. The judgment of the court below was entered in June, 1869. The opinion of Judge Maxwell contains a statement of the case.

Hon. N. Harrison, judge of the circuit court of Greenbrier county, presided on the trial of the case.

*Davis* and *Swann* for plaintiff in error.
*Harris* and *Snyder* for the defendant in error.

MAXWELL, J. Swann, as the administrator of the personal estate of Eagle, brought an action of assumpsit against Deem. The declaration contains only the usual common

counts; and the account or bill of particulars filed with it, contains items, the aggregate of which is 786 dollars and 70 cents.    An office judgment was entered at rules and a writ of enquiry awarded, and at the first term at which the case was on the docket the defendants appeared, and pleaded non assumpsit, to which the plaintiff replied generally, and the trial was continued until the next term of the court. No account of set-off was filed with the defendant's plea of non assumpsit.    At the first term after the issue was made the parties, by their attorneys, appeared in court, and the matters of dispute arising in the case were referred to the arbitrament and final determination of "James Withrow and Cyrus A. Rupert, and the umpire whom they might select," their decision to be entered as the judgment of the court.    The arbitrators awarded that the defendant, Deem, recover of the plaintiff the sum of 515 dollars with interest, &c.    A rule was then awarded against the plaintiff, to show cause why the award should not be entered up as the judgment of the court.    The plaintiff objected to the award for the reason that it was not within the submission as well as for other reasons, but the court overruled the objections and entered judgment on the award.

The only cause of error assigned here is, that the award was not within the submission.

A defendant who files with his plea specifications of set-off so described as to give the plaintiff notice of what he relies upon, shall be deemed to have brought an action against the plaintiff for the matters mentioned in such account.    If the amount proved be in excess of what the plaintiff proves himself entitled to, judgment shall be rendered for the defendant against the plaintiff for such excess.    In this case no specification of set-offs was filed by the defendant with his plea, and therefore he could not be held to have brought an action against the plaintiff for any demand. The plaintiff's demand, as described in his declaration and bill of particulars, was the only matter of dispute arising in the cause, and consequently was the only matter submit-

ted to arbitration. The award of the arbitrators is, consequently, not within the submission, and should not have been entered up as the judgment of the court.

The judgment complained of will have to be reversed, with costs to the plaintiff in error, the award set aside, and the case remanded.

The remaining judges concurred with Maxwell, J.

JUDGMENT REVERSED.