# CHARLESTON.

AUSTIN *v.* CLARK AND CRUMP.

February 25, 1875.

1875.
January Term.
A. brings an action of assumpsit against C. and C. and files with his declaration containing the common counts, an account or bill of particulars. The cause, in this condition, under a rule of court, is submitted to arbitration—no plea of offsets or payments having been filed by the defendants. The arbitrators, on the trial, hear evidence of offsets and payments to the plaintiff's demand, and make an award in favor of the defendants—HELD.

That the only matters in controversy submitted to the arbitrators was the demand of the plaintiff, as stated in his account or bill of particulars ; that the arbitrators exceeded their powers in hearing testimony relating to offsets and payments, on the part of the defendants, to plaintiff's demand, in consequence of which the award may have been erroneous, and should have been set aside.

This case was brought into this Court by a writ of error and *supersedeas,* allowed on the petition of the plaintiff below to a judgment of the circuit court of Mercer county, rendered at the April term thereof, 1873, in a suit therein pending by the petitioner against Charles Clark and William B. Crump. The opinion of the Court contains a sufficient statement of the case.

The Hon. Evermont Ward, judge of said circuit court, presided at the trial below.

*James W. Davis* for the appellant.

There was no appearance for the appellees.

PAULL, JUDGE :

The plaintiff, Madison M. Austin, brought an action of assumpsit in the circuit court of Mercer county, to

recover the amount of an account for $1410.30, filing his declaration with the common counts. A bill of particulars is filed with the declaration. On the 13th day of June, 1871, the following order was made : "By consent of the parties, the order of reference made in these causes at the June term, 1870, is set aside, and the matters in difference between the parties in these suits are referred to the final determination of Gordon L. Jordan, Allen L. Harvey and their umpire, whose award is to be made the judgment of the court, and the same is ordered accordingly." No plea of offsets, payments, or counter demands of any kind, was filed by the defendants ; indeed, no plea whatever.

On the 10th day of November, 1871, an award was made by the two arbitrators, Harvey and Jordan, which recites that the plaintiff take nothing for his false clamor, and that the defendants recover from the plaintiff the sum of $—— for their costs about their defence expended.

To this award several exceptions were taken. The only one deemed material to notice is the following, to-wit, that "the arbitrators heard, tried and decided matters not submitted to them." On the trial of this, and of all the exceptions, before the court, the plaintiff proves, by his own affidavit, that he proved his account by sworn witnesses ; and after he had done so the arbitrators heard evidence from the defendant's witnesses to establish offsets and payments to the plaintiff's demand, and that great injustice has been done to him by the award in this case. This evidence of the plaintiff is unimpeached and uncontradicted. The exceptions are overruled by the court, and judgment entered upon the award, that the plaintiff take nothing in the said action, and that the defendants recover their costs, &c. To this judgment of the court the plaintiff excepted, and from it has taken an appeal to this Court. Was this judgment right is the question now presented here ?

The first section of chapter one hundred and eight of the Code provides that persons desiring to end any controversy, whether there be a suit pending therefor or not, may submit the same to arbitration and agree that such submission may be entered of record in any court. Upon proof of such agreement out of court, or by consent of the parties given in court, it shall be entered in the proceedings of said court, and thereupon a rule shall be made that the parties shall submit to the award, which shall be made in pursuance of such agreement. The fourth section of said chapter provides that no award made under such agreement shall be set aside except for errors apparent on its face, unless it appear to have been procured by corruption, mistake, or other undue means, or that there was partiality or misbehavior in the arbitrators, or any of them. But this section shall not be construed to take away the power of courts of equity over awards.

We now observe that there are no errors apparent on the face of this award, nor does it appear from the record that it was procured by corruption or other undue means, or that there was partiality or misbehavior in the arbitrators. Was it then procured by "mistake," the only other ground allowed by the statute for interfering with the award? It will be remembered that no plea or specification of offsets or payments was filed by the defendants to the plaintiff's demand, and if the case had proceeded before the court a writ of enquiry must have been awarded, directing a jury to inquire into the amount of damages the plaintiff had sustained; this inquiry would have been directed exclusively to the correctness of the plaintiff's account, or bill of particulars, filed with his declaration, and no evidence of offsets or payments on the part of the defendants would have been allowed. This course was not taken, but just as the case thus stood, an agreement of submission was made and entered as a rule of the court, submitting the matters of difference between the parties to arbitration. These matters of difference, as the case then was, related simply to the cor-

rectness of the plaintiff's account. But the arbitrators heard evidence of offsets and payments on the part of the defendants. But no such matters had been submitted to their arbitration. The hearing of evidence in regard to these extraneous matters may have largely contributed to the award which was made. The arbitrators exceeded the limits of the submission, for we may presume they acted upon the improper testimony which was taken. This principle is recognized and declared in the case of *Swann, Admr. v. Deem.* 4 W. Va., 368. This case was submitted, under a rule of court, to arbitrament, and an award was made in favor of the defendant for a sum of money. The plaintiff objected to a judgment on a rule for the amount of the award, because it was not within the submission. The court held that no specifications of set off having been filed with the plea, the plaintiff's demand in his declaration and bill of particulars was the only matter in dispute arising in the case, and was the only matter submitted to arbitration, and an award in favor of the defendant was erroneous. It would seem, therefore, that there was a "mistake," or misapprehension on the part of the arbitrators as to the extent of the subject matters submitted to their arbitration, and that they acted beyond the limits of their power.

The judgment of the circuit court of Mercer county, complained of, is hereby reversed, with costs to the appellant, the award set aside, and the case remanded to said court for further proceedings.

Haymond, President, and Hoffman, Judge, concurred.

Moore, Judge, absent.

JUDGMENT REVERSED, AWARD SET ASIDE AND CAUSE REMANDED.